# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class FREDRICK J. SMITH**
**United States Army, Appellant**

ARMY 20160316

Headquarters, 1st Cavalry Division (Rear)(Provisional)
Douglas K. Watkins, Military Judge
Lieutenant Colonel Oren H. McKnelly, Staff Judge Advocate (pretrial)
Lieutenant Colonel Scott E. Linger, Staff Judge Advocate (post-trial)

For Appellant:  Major Christopher D. Coleman, JA; Captain Matthew L. Jalandoni, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA.

5 May 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

CAMPANELLA, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of sexual assault and abusive sexual contact in violation of Article 120 of the Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for thirteen months.  The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge and confinement for twelve months pursuant to a pretrial agreement.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant raises three issues personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); two merit discussion and one merits relief.

*Post-Trial Delay*

Appellant complains he suffered an undue, post-trial delay because 284 days elapsed between his court-martial and the convening authority's action. While we find no due process violation under *Barker v. Wingo*, 407 U.S. 514 (1972), we also find no reasonable explanation for the delay and processing errors in this case and accordingly provide relief in our decretal paragraph. *See United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

*Definition of Sexual Act*

Appellant argues that his actions did not meet the definition of sexual act from the Military Judges' Benchbook,[1] which he claims defines sexual act as "the penetration, however slight, of the vulva or anus or mouth *of another* by the penis."[2] Appellant was convicted of putting the victim's penis in appellant's mouth, so he now claims he was not provident to Specification 2 of Charge I in that the victim was not penetrated.

Paragraph 3-45 of the Benchbook defines "sexual act" via two subsections:

> (A) contact between the penis and the vulva or anus or mouth, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight; or

> (B) the penetration, however slight, of the vulva or anus or mouth *of another* by any part of the body or by any object, with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.

(Emphasis added.)

Appellant seems to merge these two definitions in his argument. Both the Benchbook and the version of Article 120, UCMJ, under which appellant was charged, include the definition of sexual act as "contact between the penis and the

---

[1] Dep't of Army, Pam. 27-9, Legal Services, Military Judges' Benchbook [hereinafter Benchbook], para. 3-45 (10 Sep. 2014).

[2] Appellant does not state to which paragraph or version of the Benchbook he is referring.

vulva or anus or mouth." UCMJ art. 120 (2012). We, therefore, find no reasonable basis in law or fact to question the providence of his plea.

## CONCLUSION

The findings of guilty are AFFIRMED.

After considering the entire record and the post-trial delay, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge and confinement for eleven months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court